UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NEVADA WALKER,**

    **Plaintiff,**

**v.**                                                              Case 8:15-cv-01110-JSM-EAJ

**CREDIT CONTROL SERVICES, INC
dba CREDIT COLLECTION SERVICES USA**

    **Defendant.**
_____/

## AMENDED MOTION FOR DEFAULT JUDGMENT

**COMES NOW** Plaintiff, by and through the undersigned counsel, pursuant to Federal Rule of Civil Procedure 55(b)(2), seeks an Order by the Court entering judgment of default against the Defendant and states in support thereof:

1. Plaintiff timely filed her Complaint in this action against Defendant on May 8, 2015. (Dkt. 1).

2. The Complaint was properly served upon Defendant on June 2, 2015 (dkt. 4 & 5) .

3. Pursuant to Fed. R. Civ. P. 12(a), Defendant was required to serve a responsive pleading to the Complaint on or before June 23, 2015.

4. Despite the requirements set forth in Fed. R. Civ. P. 12(a), Defendant has not filed any response to the Plaintiff's Complaint, nor has the Defendant sought additional time within which to respond or otherwise appeared in this action.

5.     Plaintiffs filed their Motion for Entry of Default by the Clerk pursuant to Fed. R. Civ. P. 55(a) and Local Rule 1.07(b) and a default was entered.

6.     Defendant is not in compliance with the Federal Rules of Civil Procedure, nor has Defendant made any attempt to comply with the Rules.

7.     The Complaint at issue pleads counts against Defendant for, inter alia, violation of the Federal Debt Collection Practices Act 15 USC 1601, generally and 15 USC 1692, *et seq.* and violation of the Florida Consumer Collection Practices Act, sections 559.55, *et seq.*, Florida Statutes (hereafter "FCCPA").

8.     Plaintiff executed an affidavit in support of Plaintiffs' Motion for Default Judgment, a copy of which is attached hereto as Exhibit "1"

9.     For the reasons set forth below, Plaintiff is entitled to a default judgment against Defendant with respect to the FDCPA and FCCPA counts asserted in Plaintiffs' Complaint (Dkt. 1).

## MEMORANDUM OF LAW

### I.     Default Judgment Under Fed. R. Civ. P. 55(b)

"Rule 55, Federal Rules of Civil Procedure (Rule(s)), sets forth the requirements for entry of a default judgment." United States v. Fleming, 114 A.F.T.R.2d 2014-5377, 2014 WL 3643517, *9 (M.D. Fla. 2014). "A default judgment may be entered 'against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue.'" Id. (quoting Solaroll Shade and Shutter Corp., Inc. v. Bio–Energy Sys., Inc., 803 F.2d 1130, 1134 (11th Cir.1986)). "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue

of default." Broad. Music, Inc. v. PRB Productions, Inc., 6:13-CV-1917-ORL-31, 2014 WL 3887509, *2 (M.D. Fla. 2014 (citing Miller v. Paradise of Port Richey, Inc., 75 F.Supp.2d 1342, 1346 (M.D.Fla.1999). "Rather, the Court determines the amount and character of damages to be awarded." Isaula v. Chicago Rest. Group, LLC, 13-CV-24387-JLK, 2014 WL 3477917, *1 (S.D. Fla. 2014) (quoting Miller, 75 F.Supp.2d at 1346 (M.D.Fla.1999)).

Upon considering a motion for default judgment, "a court must consider whether an evidentiary hearing on the question of damages is warranted." Fleming, supra, 114 A.F.T.R.2d 2014-5377, 2014 WL 3643517 at *9. "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." Id. (quoting United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir.1979) [1] and citing SEC v. Smyth, 420 F.3d 1225, 1231–32 (11th Cir.2005)). "However, where the essential evidence regarding damages is before the Court, such a hearing may be unnecessary." Id. (citing Smyth, 420 F.3d at 1232 n. 13). *See also* Broad. Music, 2014 WL 3887509 at *2.

Moreover, "[a] default judgment has the effect of establishing as fact the plaintiff's well- pled allegations of fact, and bars the defendant from contesting those facts on appeal." Massachusetts Mut. Life Ins. Co. v. Hunter, 8:12-CV-1628-T-33AEP, 2012 WL 6094122, *1 (M.D. Fla. 2012) (citing Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir.2007) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975)).

**II.     Plaintiff is Entitled To Default Judgment With Respect To The FCCPA and the FDCPA Claims**

The Fair Debt Collection Practices Act 15 U.S.C. § 1692 (FDCPA) broadly prohibits debt

3

collectors from engaging in harassing, oppressive, or abusive conduct, from using false, deceptive, and misleading misrepresentations, or from collecting debts using unfair or unconscionable means. *See 15 U.S.C. §§ 1692d, 1692e, 1692f. 15 U.S.C. § 1692d(5)* prohibits a debt collector from "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

Plaintiff is "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act, to wit Plaintiff has been subjected to Defendant's improper debt collection, which included calling Plaintiff and after being told verbally and in writing multiple times. The seven year old Suntrust Bank account that the Defendant was attempting to collect money on is a "debt" within the meaning of section 15 U.S.C. § 1692a(5) which addresses an obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.  Plaintiff did not owe the alleged debt that Defendant was attempting to collect on and Plaintiff disputed the debt in writing to the Defendant on January 29, 2015 upon noticing it was being reported to the three credit bureaus by the Defendant on her credit report.

Plaintiff advised Defendant's representative on February 11, 2015 at 4:21 pm and again on February 16, 2015 at 11:57 pm to stop calling her, that she did not owe the debt and that she was represented by attorney W. John Gadd, Esquire.  Defendant still continued to call the Plaintiff and failed or refused to verify the legitimacy of the Subject Debt.

The FCCPA provides, among other things, that

"[i]n collecting consumer debts, no person shall . . (w)illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family; (c)laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist;  or (c)ommunicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address . . ." See Fla. Stat. § 559.72 (7), (9) and (18).

Count II of Plaintiffs Complaint (Dkt. 1) in this matter asserts a claim against Defendant for violation of the FCCPA. Plaintiff's FCCPA claim is based, in part, upon Defendant's prohibited conduct pursuant to Fla. Stat. § 559.72 for placing calls to Plaintiffs' cellular telephone numbers in an effort to collect the Subject Debt despite having knowledge that Plaintiff had requested Defendant to stop calling her, that she did not owe the Subject Debt, and was represented by attorney John Gadd, Esquire with respect to the Subject Debt.

Pursuant to section 559.77(2), Florida Statutes, "any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow," in an amount not exceeding one-thousand dollars ($1,000), "together with court costs and reasonable attorney's fees incurred by the plaintiff."  15 U.S.C. § 1692k(a)(2)(A) also provides for an award of statutory damages in the amount of one-thousand dollars ($1,000.00) and for an award of litigation costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), as well as injunctive and declaratory relief from further collection efforts.

As stated above, "where the essential evidence regarding damages is before the Court, [an evidentiary] hearing [as to damages] may be unnecessary." <u>Fleming</u>, supra, 114 A.F.T.R.2d 2014-5377, 2014 WL 3643517 at *9 (citing <u>Smyth</u>, 420 F.3d at 1232 n. 13).

Instances in which a hearing may not be necessary include those in which "the amount claimed is a liquidated sum or one capable of mathematical calculation." Id. (quoting Freeman, supra, 605 F.2d at 857. Statutory damages under the FCCPA are considered "liquidated damages." Harris v. Beneficial Finance Company of Jacksonville, 338 So.2d 196, 200 (Fla. 1976)(the "statute is sustainable as providing for liquidated damages in an area of the law in which ascertainment of the dollar amount of *actual damages sustained* in most instances will be extremely difficult, if not impossible, to achieve").

Accordingly, Plaintiff would request that this Court enter default judgment against Defendant with respect to Plaintiff's FCCPA and FDCPA claims, and award Plaintiff statutory damages in the amount of $2,000, court costs in the amount of $465.00 and reasonable attorneys' fees incurred by the Plaintiff in this action in the amount of $4620.00. Attached hereto as Exhibit 2 is Plaintiff's counsel's Declaration in support of fees and costs.

### III. Conclusion

For the reasons set forth above, Plaintiff respectfully requests that this Court enter default judgment against Defendant pursuant to Federal Rule of Civil Procedure 55(b)(2), as specified above, in addition to attorney's fees and costs pursuant to section 559.77(2), Florida Statutes and 15 U.S.C. § 1692k(a)(3), for post-judgment interest, and for such other relief as this Court deems just and proper.

CERTIFICATE OF SERVICE

I, certify that on November 23, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all parties of record.

s/Lisa R Wilcox/
By:_____

Lisa R. Wilcox, Esquire
FBN: 697291
721 First Ave. N.
Suite 100
St. Petersburg, Florida 33701
Main and Fax 888-945-2695
lisa@wilcoxlawpa.com